966 F.2d 1459
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Robert LeRoy CLEVELAND, Appellant.
 No. 92-1247.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 11, 1992.
Filed: June 24, 1992.
 
 Before RICHARD S. ARNOLD, Chief Judge, HEANEY, Senior Circuit Judge, and MAGILL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Robert Leroy Cleveland appeals the district court's denial of his motion to suppress drugs and a gun seized during a car stop by the Missouri State Highway Patrol.[1] We affirm.
 
 
 2
 On May 9, 1991, while travelling southbound, two Missouri State Highway Patrolmen observed a northbound car travelling seventy-three miles per hour on a Missouri interstate. When the patrolmen crossed over the median and followed the speeding car, it pulled to the roadside, where the patrolmen pulled their vehicle behind the pursued car. One of the patrolmen approached the car and requested to see the defendant's driver's license. Because Cleveland did not possess a license, the patrolman asked him to step out of the car. After Cleveland complied, the patrolman observed a loaded pistol clip on the left floorboard. At this point, Cleveland directed his wife, who was in the passenger seat, to give his gun to the patrolman. The patrolman instructed Cleveland's wife to point to the gun, which she did, and the patrolman arrested Cleveland for carrying a concealed weapon. When Cleveland's wife exited the car, the patrolman found a pouch containing marijuana in the passenger seat. Cleveland admitted that he owned the marijuana and was again arrested. The patrolman proceeded to search the car and detected a strong marijuana odor emanating from a sealed cardboard box located in the hatchback of the car. When the patrolman opened the box, he found a bag containing pounds of marijuana. At this point, the second patrolman discovered methamphetamine in Cleveland's jacket, which was lying on the back seat. The patrolmen arrested Cleveland a third time. The patrolmen finally discovered an unlocked briefcase behind the driver's seat which contained what appeared to be drug notes. The officers then transported Cleveland to the county jail.
 
 
 3
 Cleveland contends that probable cause did not support the search of his car and that the search could not be justified as a vehicle inventory search. We disagree. "[W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." New York v. Belton, 453 U.S. 454, 460 (1981) (notes omitted).[2] The Supreme Court further reasoned "that the police may also examine the contents of any containers [whether opened or closed] found within the passenger compartment...." Id. (citations and note omitted) (emphasizing that this rule does not encompass the trunk). Thus, according to the United States Supreme Court, the search of Cleveland's vehicle did not violate his federal constitutional rights. We accordingly affirm the district court's refusal to suppress the seized evidence.
 
 
 
 [1]
 Cleveland has already pled guilty to a charge of violating 18 U.S.C. § 924(c) and received a five-year sentence
 
 
 [2]
 Cleveland does not contend that the hatchback of his car (where the patrolmen discovered some of the contraband) qualifies as a trunk