_____

No. 95-2949
_____

United States of America,      *
                               *
      Appellee,        *  Appeal from the United States
                             *  District Court for the
   v.                   *  Eastern District of Missouri.
                             *
Johnny White,             *
                             *
      Appellant.      *

_____

Submitted:  January 9, 1996

Filed:  April 4, 1996
_____

Before RICHARD S. ARNOLD, Chief Judge, BOWMAN, Circuit Judge, and JONES,[*] District Judge.

_____

BOWMAN, Circuit Judge.

Johnny White, an African-American, was tried by jury and found guilty on charges of possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (1994); carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (1994); and illegal possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (1994).  At the close of the government's case and again at the close of all evidence, White moved for a judgment of acquittal on the ground that the evidence against him was insufficient as a matter of law to sustain a conviction under the

_____

[*]The HONORABLE JOHN B. JONES, United States District Judge for the District of South Dakota, sitting by designation.

charges.  The District Court[1] denied those motions.  After the jury found White guilty as charged, the District Court sentenced him to an aggregate term of 147 months in prison followed by four years of supervised release. White timely appeals his convictions and sentence.  We affirm.

**I.**

White raises challenges to the sufficiency of the evidence.  In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences drawn from the evidence that support the jury's verdict.  United States v. Bates, No. 95-2280, slip op. at 5-6 (8th Cir. March 5, 1996).  The jury's verdict must be upheld if there is an interpretation of the evidence that would allow a reasonable-minded jury to find the defendant guilty beyond a reasonable doubt.  Id. at 6.

White argues that the evidence is insufficient to convict him of possession of cocaine base with intent to distribute.  We disagree.

First, there is more than sufficient evidence that White knowingly possessed the cocaine base.  Following his arrest and advisement of his Miranda rights, White twice admitted being in knowing possession of the cocaine base in both an oral and a written statement to the police, saying that he had the cocaine base in his possession to deliver to a friend. Officers Dailey and McLin testified that they initially encountered White on a residential street in St. Louis while they were looking for an individual named Michael Cooper, for whom the officers had an

---

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

-2-

arrest warrant. Because White fit the description of Cooper, the officers approached White and asked him if he was Cooper. Without responding, White looked in the direction of the officers, and then fled on foot. Officer McLin testified that during the ensuing pursuit, he observed White throw a clear plastic bag from his right hand. Subsequently, Officer McLin retrieved the bag and recognized its contents as cocaine base. Joseph Crow, a criminalist and expert on drug analysis with the St. Louis Police Department, identified the contents of the plastic bag as 25.81 grams of cocaine base. Considering this evidence, we find unpersuasive White's argument that the evidence is insufficient to prove that he possessed the cocaine base because the plastic bag was not tested for his fingerprints. See United States v. Haney, 23 F.3d 1413, 1416-17 (8th Cir.) (holding evidence sufficient to sustain defendant's conviction of possession of firearm without fingerprint evidence where witness testified that he saw gun in defendant's possession and saw defendant drop gun in precise location where gun was found), cert. denied, 115 S. Ct. 253 (1994).

Second, as to intent to distribute, White admitted in both an oral and a written statement to the police that he had the cocaine base in his possession to transfer to another individual. In addition, evidence of intent to distribute may be inferred from possession of a distributable quantity of drugs, i.e., a quantity larger than that which a mere drug user ordinarily would possess for personal use. See United States v. Thompson, 925 F.2d 234, 237 (8th Cir. 1991). Where there is additional evidence of plan or intent to distribute, possession of as little as five grams of cocaine has been held to be a distributable amount. See United States v. White, 969 F.2d 681, 684 (8th Cir. 1992) (citing United States v. Ramirez, 608 F.2d 1261, 1264 (9th Cir. 1979)). In the present case, Sergeant Gilmore testified that the amount of cocaine base that White possessed, 25.81 grams, has a street value in excess of $3,000, and that such a quantity is consistent with distribution. The presence of a firearm in White's possession,

"generally considered a tool of the trade for drug dealers, is also evidence of intent to distribute." <u>See</u> <u>United States v. Schubel</u>, 912 F.2d 952, 956 (8th Cir. 1990). Officer Dailey testified that while he was chasing White, he observed White reach into the rear waistband of his pants and discard a magazine clip for a pistol. During the pursuit, White discarded his jacket and continued to run until Officer Dailey was able to catch him. After White's arrest, Officer Dailey returned to the precise location where White discarded his jacket and found a gun underneath it. We conclude that the evidence, viewed in the light most favorable to the government, is sufficient to sustain the jury's verdict that White was guilty of possession of cocaine base with intent to distribute.

White also challenges the sufficiency of the evidence underlying his conviction for carrying a firearm during the commission of a drug trafficking crime. White argues there was insufficient evidence to establish that he was in possession of a firearm, asserting that he did not "use" the firearm within the meaning of 18 U.S.C. § 924(c)(1). <u>See</u> <u>Bailey v. United States</u>, 116 S. Ct. 501, 509 (1995). This argument, however, is beside the point, because White was convicted of "carrying," not "using," a firearm during and in relation to a drug trafficking offense. The Supreme Court in <u>Bailey</u> held that to sustain a conviction under the "use" prong of § 924(c)(1), the prosecution must show that the defendant actively employed the firearm during and in relation to the predicate crime. <u>Id.</u> at 509. Here, by contrast, we are concerned solely with the issue of whether White was in fact "carrying" the firearm within the meaning of § 924(c)(1).

Under 18 U.S.C. § 924(c)(1) "[w]hoever, during and in relation to any . . . drug trafficking crime, . . . uses or carries a firearm" is subject to imprisonment for five years. It is clear that § 924(c)(1) specifies two alternative types of conduct with a firearm, "uses" or "carries," either one of which provides a basis for prosecution under the statute. As the Supreme Court in <u>Bailey</u>

observed, "[t]he 'carry' prong of section 924(c)(1) . . . brings some offenders who would not satisfy the 'use' prong within the reach of the statute." 116 S. Ct. at 509. The words of the statute are to be given their "ordinary" or "natural" meaning. See id. at 506. Webster's Dictionary defines "carry" as "to move while supporting" or "to hold, wear, or have upon one's person." Webster's Third New International Dictionary 343 (3d ed. 1981). Black's Law Dictionary similarly defines "carry" as "[t]o have or bear upon or about one's person," and defines "carry arms or weapons" as "[t]o wear, bear, or carry them upon the person or in the clothing or in a pocket, for the purpose of use." Black's Law Dictionary 214 (6th ed. 1990). The Supreme Court in Bailey concluded that "a firearm can be carried without being used, e.g., when an offender keeps a gun hidden in his clothing throughout a drug transaction." Bailey, 116 S. Ct. at 507.

Thus, in order to sustain a conviction for "carrying" a firearm in violation of § 924(c)(1), the government must prove that White bore the firearm on or about his person during and in relation to a drug trafficking offense. We conclude there is sufficient evidence to support the jury's verdict. In his post-arrest statements to the police, White acknowledged possession of the cocaine base and gun. In addition, Officer Dailey testified that while he was chasing White, he saw White reach into his rear waistband and drop a black magazine clip for a pistol. Following White's arrest, Officer Dailey returned to the scene of the foot chase and found a firearm underneath White's jacket. The firearm was identified as a .45 caliber Glock semi-automatic pistol with the magazine missing. Officer Dailey also found a loaded magazine for a .45 caliber Glock semi-automatic pistol at the arrest scene. The officers later interviewed White's girlfriend, Annette Smith, who resided with White. During the interview, the police requested and received permission from Smith to search the residence. Smith led the officers to a dresser drawer where they discovered loose

-5-

rounds of .45 caliber ammunition identical to the rounds found in the discarded magazine.

At trial, White denied that he had possession of the gun and stated that the police had found the gun in a vacant lot where any passerby could have deposited it. He also indicated that when the gun and magazine were tested for his fingerprints, the tests proved inconclusive. Both of these theories were fully presented to and apparently rejected by the jury. Moreover, as we concluded earlier with regard to the absence of fingerprint evidence on the plastic bag, here too, a lack of evidence that White's fingerprints were on the gun did not render it impermissible for the jury to conclude that White had carried the gun. Rather, viewing the evidence in the light most favorable to sustaining the jury verdict, we believe the government's proof sufficiently supports the jury's finding that White had carried the firearm while possessing the cocaine base with intent to distribute it. See Haney, 23 F.3d at 1416-17; United States v. Rankin, 902 F.2d 1344, 1345-46 (8th Cir. 1990) (finding sufficient evidence supported defendant's conviction for possession of firearm where officer testified that he saw defendant drop dark object to ground in spot where officer later retrieved firearm). Accordingly, we conclude that White's § 924(c)(1) conviction must stand.[2]

## II.

White challenges his sentence for possession of cocaine base with intent to distribute, claiming that the increased penalties for cocaine base, as compared to the penalties for powder cocaine, have a disparate impact upon African-Americans in violation of the Equal Protection Clause. White further argues that because of

---

[2]Possession of cocaine base with intent to distribute is a drug trafficking offense within the meaning of § 924(c). United States v. Matra, 841 F.2d 837, 843 (8th Cir. 1988).

-6-

alleged ambiguity in the penalty provisions for cocaine base violations, the rule of lenity applies and he should be sentenced consistent with the penalties for powder cocaine violations.  Basing his arguments on United States v. Davis, 864 F. Supp. 1303 (N.D. Ga. 1994), White urges us to vacate and remand his sentence.

White's arguments lack merit.  We have consistently rejected the claim that any disparate impact occasioned by the distinction between the penalties for cocaine base and powder cocaine violates the Equal Protection Clause.  See United States v. Jackson, 67 F.3d 1359, 1367 (8th Cir. 1995), petition for cert. filed, (U.S. Jan. 9, 1996) (No. 95-7436); United States v. Delaney, 52 F.3d 182, 189 (8th Cir.), cert. denied, 116 S. Ct. 209 (1995); United States v. Clary, 34 F.3d 709, 710-14 (8th Cir. 1994), cert. denied, 115 S. Ct. 1172 (1995).  White's rule-of-lenity argument is similarly foreclosed by our decision in United States v. Jackson, 64 F.3d 1213, 1219-20 (8th Cir. 1995), cert. denied, 116 S. Ct. 966 (1996), in which we considered this argument and found it to be without merit.

## III.

White's convictions and sentence are affirmed.

A true copy.

    Attest:

          CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.