**Demetress Ron WESLEY, Movant,**

v.

**UNITED STATES of America, Respondent.**

**No. 4:96CV00388 GFG.**

United States District Court, E.D. Missouri, Eastern Division.

June 7, 1996.

Demetress Ron Wesley, Sheridan, OR, Pro Se.

Patricia A. McGarry, Office of U.S. Attorney, St. Louis, MO, for respondent.

## ORDER

GUNN, District Judge.

This matter is before the Court on Demetress Ron Wesley's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his convictions and sentences.

Movant Demetress Wesley and Damon Journey were charged in a two-count indictment. In Count I, both were charged with possession with the intent to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). In Count II, both were charged with using or carrying a firearm in connection with a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). On April 15, 1992 a jury found Wesley guilty on both counts and Journey guilty on Count I but not guilty on Count II.

Based on a total offense level of 32 and a criminal history category of II, Wesley's sentencing range on the drug offense was 135 to 168 months. (R. at 344.) On July 22, 1992, the Court sentenced Wesley to 150 months on the drug conviction and, as mandated by § 924(c), to a consecutive 60–month term for the firearm conviction. The Eighth Circuit affirmed the convictions and sentences on appeal. *United States v. Wesley,* 990 F.2d 360 (8th Cir.1993).

### I. The Firearm Conviction

Wesley now challenges his § 924(c)(1) conviction. He argues that the § 924(c)(1) conviction must be vacated in light of *Bailey v.*

*United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). The government opposes Wesley's motion. The government's evidence presented at trial showed the following. On October 29, 1991, local law enforcement obtained a warrant to search the three-story residence at 1337 Clara in St. Louis, Missouri. (R. at 13–15.) Officers discovered Wesley and Journey in a third-floor bedroom. *Id.* at 17–19. Journey was lying on a cot, and Wesley was lying on a mattress on the floor next to the cot. *Id.* at 18–19. Officers found a large quantity of crack cocaine in the closet. *Id.* at 20. Officers also recovered a .38 caliber revolver. *Id.* at 23. According to Detective Reed, the revolver was on the floor "within arm's reach" of Wesley and Journey between the cot and the mattress. *Id.* at 23, 72. Wesley testified at trial that the gun was actually under Journey's cot and not within arm's reach. *Id.* at 244–45.

The government concedes that the evidence adduced at trial was insufficient to establish a violation of § 924(c) under the "use" prong in light of the Supreme Court's decision in *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). However, the government points out that Wesley was charged with using or carrying a firearm in violation of § 924(c)(1). The government argues that the evidence was sufficient to establish a violation under the "carry" prong.[1]

The Eighth Circuit recently explained the "carry" prong of § 924(c)(1) in a post-*Bailey* decision, *United States v. White*, 81 F.3d 80, 83 (8th Cir.1996). According to the Court of Appeals, the word "carry" should be given its "ordinary" or "natural" meaning. *Id.* The Court cited numerous dictionary definitions of "carry" as sources of ordinary and natural meaning:

> Webster's Dictionary defines "carry" as "to move while supporting" or "to hold, wear, or have upon one's person." Black's Law Dictionary similarly defines "carry" as "[t]o have or bear upon or about one's person," and defines "carry arms or weapons" as "[t]o wear, bear, or carry them

upon the person or in the clothing or in a pocket, for the purpose of use."

*Id.* (citations omitted). "Carry" is also defined in the same dictionary used by the Eighth Circuit in *White* as to "sustain the weight or burden of." Webster's Third New International Dictionary 343 (3d ed. 1981). Similarly, "bear" is defined as "[t]o move while holding up or supporting often with effort or special care" and to "[s]ustain: support or hold up without moving." *Id.* at 191. In *White*, the Court of Appeals concluded that "in order to sustain a conviction for 'carrying' a firearm in violation of § 924(c)(1), the government must prove that [the defendant] bore the firearm on or about his person during and in relation to a drug trafficking offense." *White*, 81 F.3d at 83.

■ The government maintains that by keeping the firearm at arm's length on the floor by his mattress Wesley was "carrying" the firearm "about his person" in violation of § 924(c). The Court does not agree. The government's argument focuses solely on the proximity of the firearm to Wesley and ignores the meaning of "carry." The definition of "carry" incorporates the concept of holding or supporting the weight of a thing. Accordingly, the "carry" prong is clearly triggered if the defendant had the gun in her hands or hidden in her clothing or a purse or bag that she was holding. *White*, 81 F.3d at 83. "Carry" also has been construed to encompass "carrying" a firearm in a vehicle; the defendant is using the car, like a pocket or a purse, to hold and transport the weapon. *United States v. Freisinger*, 937 F.2d 383, 387 (8th Cir.1991).

■ In this case, the gun was on the floor near Wesley. He was in no way supporting the weight of the gun on or about himself or in a vehicle. There was no evidence at trial that Wesley carried the weapon to the bedroom with the drugs. Therefore, Wesley's § 924(c)(1) conviction and sentence must be vacated.

■ The government argues that if the § 924(c) conviction is vacated, then the Court

---

1. The jury was instructed on the definition of "uses or carries a firearm." (Instruction No. 35.) However, the government admits that the Judgment and Conviction only state that Wesley was "using" a firearm in violation of the statute.

should resentence Wesley for his drug trafficking offense and enhance his offense level by two for possession of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1). The Court will do so in light of *United States v. Roulette,* 75 F.3d 418 (8th Cir.1996) and for the reasons outlined in *Alton v. United States,* 928 F.Supp. 885 (E.D.Mo.1996).

## II. The Drug Conviction

Wesley also challenges his drug conviction. He contends that the illegality of the firearm conviction casts doubt on the validity of the drug conviction. He maintains that because the evidence underlying the § 924(c) conviction was used to "buttress" the government's case on the drug charge, if the § 924(c) conviction is vacated, then the drug conviction must also be vacated.

■ The Court will not sustain Wesley's argument. The grounds for vacating Wesley's firearm conviction relate to the sufficiency of the evidence in light of an intervening Supreme Court decision. In *Bailey,* the Supreme Court only addressed how § 924(c)(1) should be construed; it did not address criminal liability under 21 U.S.C. § 841(a)(1) and (b)(1)(C). Furthermore, the Court of Appeals found the evidence supporting Wesley's drug conviction to be sufficient. *Wesley,* 990 F.2d at 364–65. " '[C]laims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.' " *Dall v. United States,* 957 F.2d 571 (8th Cir.1992) (quoting *United States v. Shabazz,* 657 F.2d 189, 190 (8th Cir.1981)).

■ Wesley additionally asks the Court to take judicial notice of newspaper articles which reported in April of 1994 that two of the St. Louis police detectives were arrested on federal extortion charges for acts allegedly committed in 1994. He contends that this evidence supports that the two were lying when they testified against Wesley at his trial in 1992. Wesley's "new evidence" of subsequent bad acts by prosecution witnesses is merely impeaching and not material to his conviction, and Wesley has not shown that at a new trial he would probably be acquitted by casting doubt on the credibility of Detectives Reed and Baker with such in-

formation. As such, Wesley's claim must fail. *See United States v. Kraemer,* 810 F.2d 173, 177–78 (8th Cir.1987). Accordingly,

**IT IS HEREBY ORDERED** that the Demetress Wesley's Motion to Vacate, Set Aside, or Correct his Convictions and Sentences (Doc. No. 1) is granted in part to the extent that Wesley's conviction for violation of 18 U.S.C. § 924(c)(1) is vacated in light of *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) and denied in all other respects.

**IT IS FURTHER ORDERED** that pursuant to the government's request, the Court will reconsider the sentence imposed on Wesley for the drug trafficking conviction in light of *United States v. Roulette,* 75 F.3d 418 (8th Cir.1996). The Court will issue a separate order in the underlying criminal action scheduling a hearing on the resentencing.

**IT IS FURTHER ORDERED** that any pending motions are dismissed as moot.