No. 95-3701

United States of America,     *
     *
         Appellee,     *
     * Appeal from the United States
   v.     * District Court for the
     * Western District of Missouri
John R. Caldwell,     *
     *
         Appellant.     *

Submitted:  March 13, 1996

Filed:  October 7, 1996

Before McMILLIAN, BEAM and HANSEN, Circuit Judges.

McMILLIAN, Circuit Judge.

John R. Caldwell appeals from a final judgment entered in the District Court[1] for the Western District of Missouri upon a jury verdict finding him guilty of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) (count I), possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) (count II), using and carrying a firearm during and in relation to a drug trafficking offense (possession with intent to distribute charged in count II) in violation of 18 U.S.C. § 924(c)(1) (count III), and unlawful firearms possession in violation of 18 U.S.C. § 922(g)(1) (count IV).  The district court sentenced him to a total of 180 months imprisonment, 8 years supervised release and special assessments in the amount of

---

[1]The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

$200.00. For reversal appellant argues the district court erred in (1) denying his motion to suppress physical evidence seized following a traffic stop, (2) denying his motion to sever the unlawful firearms possession count (count IV), and (3) instructing the jury on the 18 U.S.C. § 924(c) count (count III). For the reasons discussed below, we affirm the convictions and sentences except with respect to counts II and III, the sentence on count II is vacated, the conviction on count III is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion.

In early April 1994 a state highway patrol trooper was investigating drug trafficking in Monett, Missouri, and supervised an informant's purchase of methamphetamine from appellant at a local motel. The trooper noted the make and license plate of appellant's car. On September 21, 1994, Chief of Police Frank Preston of Pierce City, Missouri, received radio information that a gray Camaro with a specific Missouri license plate was approaching Pierce City, had been speeding and had almost run another car off the road. Preston checked the license plate number and learned that the car was registered to appellant. At about the same time, Lieutenant Bill Wegrzyn, a police officer from Monett, Missouri, told Preston that appellant probably did not have a driver's license because several months earlier the Monett police department had processed information that appellant's license had been suspended and that appellant had been arrested two or three weeks earlier with a concealed weapon. Preston also received information from another law enforcement officer that appellant might be involved in a drug transaction.

Acting on this information, Preston positioned his patrol car where he could observe traffic entering Pierce City. He saw the Camaro and checked its speed with his radar unit; the Camaro was

-2-

travelling slightly faster than the posted speed limit.  Preston
followed the Camaro, activated his lights, and stopped the Camaro.

Preston approached the car and asked appellant for his driver's license. Appellant responded that the Monett police had his driver's license because it had been suspended. At this point Preston asked appellant to get out of the car and for identification information. Appellant got out of the car and removed a fanny pack and placed it on the front seat. Preston started to open the car door, but appellant objected. Preston then contacted the Monett police department by radio. The Monett police department reported a possible suspended driver's license for appellant. Preston arrested appellant for driving on a suspended driver's license and requested his permission to search the car. Appellant consented to the search. Preston and Wegrzyn, who had arrived on the scene to assist Preston, searched the passenger compartment, including the hatchback area, and found methamphetamine, five firearms (one of which was loaded), and drug paraphernalia.

Appellant filed a motion to suppress physical evidence. The district court held a suppression hearing. Preston and Wegrzyn testified for the government. Preston testified at the suppression hearing that he was not going to issue a speeding ticket, but instead wanted to check the status of appellant's driver's license and to talk to appellant about the reported speeding and careless and imprudent driving. The district court credited their testimony. The district court found that Preston had probable cause to stop the car because he reasonably suspected that appellant was driving with a suspended driver's license. The district court also found that the warrantless search of the car was an inventory search or, in the alternative, that appellant had consented to the search. The district court denied the motion to suppress physical evidence (the district court also granted the motion to suppress certain inculpatory statements; that part of the

-4-

district court's suppression ruling is not an issue in this appeal).

Immediately before trial began, defense counsel made an oral motion to sever the unlawful firearms possession count (count IV). Defense counsel argued that joinder of that count would allow otherwise inadmissible evidence of other crimes, specifically his prior felony convictions, including one for possession of methamphetamine for sale, to be introduced at trial. The district court denied the motion to sever. At trial the government used California court records to establish appellant's prior felony convictions. Portions of the court records read to the jury included information about the type of offense, the date of conviction, and the length of the sentence. Appellant did not testify. Defense counsel objected to instruction No. 16, which defined the phrase "used a firearm" as "having a firearm available to aid in the commission of the [drug trafficking] crime." The instruction did not separately define "carry." Defendant counsel objected to the instruction on the ground that it improperly shifted the burden of proof to the defense. The district court denied the objection. The jury found appellant guilty on all four counts. The district court sentenced appellant to a total of 180 months imprisonment, 8 years supervised release, and special assessments in the amount of $200.00. This appeal followed.

MOTION TO SUPPRESS EVIDENCE

Appellant first argues the district court erred in denying his motion to suppress certain physical evidence seized from his car. He argues the traffic stop was invalid because the police lacked probable cause to stop his car and to arrest him. He also argues the traffic violations were merely pretextual because the real reason the police wanted to stop his car was that they suspected it contained illegal drugs. He argues the warrantless search of his car cannot stand if the traffic stop was unlawful. We disagree.

-6-

"[A]s a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."  <u>Ornelas</u>

v. United States, 116 S. Ct. 1657, 1663 (1996). However, "a reviewing court should take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Id.; e.g., United States v. Johnigan, 90 F.3d 1332, 1336 (8th Cir. 1996).

The district court correctly concluded that there was probable cause to suspect that a traffic violation had occurred. Preston had a reasonable suspicion, based upon objective facts obtained from other law enforcement sources, that appellant was probably driving with a suspended driver's license. In addition, Preston had observed appellant speeding. "[A]ny traffic violation, even a minor one, gives an officer probable cause to stop the violator. If the officer has probable cause to stop the violator, the stop is objectively reasonable and any ulterior motivation on the officer's part is irrelevant." United States v. Bell, 86 F.3d 820, 822 (8th Cir. 1996) (citation omitted); petition for cert. filed, No. 96-6046 (U.S. Sept. 17, 1996); e.g., United States v. Maza, 93 F.3d 1390, 1396 (8th Cir. 1996). The Supreme Court expressly rejected the pretext argument in Whren v. United States, 116 S. Ct. 1769, 1774-75 (1996). "[T]he fact that the officer does not have the state of mind hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action. . . . Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." Id. at 1774 (citation omitted). In other words, "so long as police have probable cause to believe that a traffic violation has occurred, the stop is valid even if the police would have ignored the traffic violation but for their suspicion that greater crimes are afoot." United States v. Thomas, 93 F.3d 479, 485 (8th Cir.).

We also hold that the search of the car was lawful. "[W]hen a [police officer] has made a lawful custodial arrest of the

occupant of an automobile, [the officer] may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." New York v. Belton, 453 U.S. 454, 460 (1981) (footnotes omitted). "[T]he police may also examine the contents of any containers [whether opened or closed] found within the passenger compartment." Id. (citations and footnote omitted). Here, Preston lawfully arrested appellant because he had probable cause to believe that appellant's driver's license had been suspended. Following appellant's arrest, the police could lawfully search the passenger compartment of the car, including the hatchback portion of the car. See United States v. Doward, 41 F.3d 789, 793-94 (1st Cir. 1994) (hatchback of two-door car), cert. denied, 115 S. Ct. 1716 (1995); United States v. Cleveland, 966 F.2d 1459 (8th Cir. 1992) (per curiam) (table) (hatchback; defendant did not argue that hatchback was trunk as opposed to passenger compartment of car) (text at 1992 WL 139360). The firearms, ammunition, some of the methamphetamine, and drug paraphernalia were found in the hatchback portion of the car.

SEVERANCE OF UNLAWFUL FIREARMS POSSESSION COUNT

Appellant next argues the district court abused its discretion in denying his motion to sever the unlawful firearms possession count (count IV). He argues that the joinder of the unlawful firearms possession count allowed the jury to hear otherwise inadmissible evidence about his prior convictions.

Ordinarily, we review severance decisions for abuse of discretion. E.g., United States v. Felici, 54 F.3d 504, 506 (8th Cir.), cert. denied, 116 S. Ct. 251 (1995). However, because this motion was not timely filed within 20 days of the omnibus pretrial motions order, we may reverse only for plain error. E.g., United States v. Olano, 507 U.S. 725, 732-34 (1993).

-10-

We find no error was committed by the district court. First, the more prejudicial of the two prior convictions, that for possession of methamphetamine for sale, would have been admissible in a trial on the drug trafficking counts alone as other crimes evidence under Fed. R. Evid. 404(b) to prove intent and knowledge. See United States v. Shoffner, 71 F.3d 1429, 1431-32 (8th Cir. 1995). The prior conviction for receiving stolen property would not have been admissible under Fed. R. Evid. 404(b); however, any prejudice was limited by the method of proof used. As noted above, the government read to the jury portions of court records that included information about the type of offense, the date of conviction, and the length of the sentence.[2] In addition, there was little possibility that the jury was confused about the evidence related to each count in light of the cautionary instruction given by the district court. The cautionary instruction limited the jury's consideration of the two prior felony convictions to the unlawful firearms possession count and of the conviction for possession of methamphetamine for sale to intent and knowledge with respect to the drug trafficking counts only.

BAILEY ISSUE

Appellant next argues the district court erred in instructing the jury on the 18 U.S.C. § 924(c) count (count III). At trial defense counsel objected to instruction No. 16, which defined the phrase "used a firearm" as "having a firearm available to aid in the commission of the [drug trafficking] crime," on the ground that

_____

[2]The government could have reduced any possible prejudice even further by simply stipulating that appellant had been convicted of a second state felony without introducing any information about the nature of the prior offense or the sentence. See United States v. Felici, 54 F.3d 504, 506 (8th Cir.), cert. denied, 116 S. Ct. 251 (1995).

-12-

it improperly shifted the burden of proof to the defense.  However, on appeal, appellant argues, correctly, the instruction as given is

inconsistent with Bailey v. United States, 116 S. Ct. 501, 505-08 (1995). Because this change in the grounds of objection in effect constitutes no objection, we may reverse only for plain error. For the reasons discussed below, we find plain error and accordingly reverse the conviction on count III and remand the case to the district court for further proceedings. We also vacate the sentence on count II and remand that count to the district court for possible resentencing.

The indictment charged that appellant knowingly used and carried a firearm during and in relation to a drug trafficking offense. However, as noted above, instruction No. 16 referred to the crime of "using a firearm" and defined the phrase "used a firearm" as "having a firearm available to aid in the commission of the crime." The instruction did not separately define the term "carry." As noted in United States v. Webster, 84 F.3d 1056, 1066 n.8 (8th Cir. 1996), "it appears that this Court's traditional definition of the term 'use' was so expansive that it effectively swallowed the word 'carry.' . . . [T]he instruction defined 'use' and 'carry' collectively, and the charge did not refer to the words as having separate meanings." This instruction allowed the jury to find that appellant criminally used or carried the firearm in question due to the "mere presence and ready availability of [the] firearm" and was a correct statement of the law in this circuit (and other circuits) at the time of appellant's trial, that is, pre-Bailey. Id. at 1066 (footnote omitted) (analyzing similar Bailey error as plain error), citing United States v. Mejia, 8 F.3d 3, 5 (8th Cir. 1993). Subsequently, the Supreme Court issued its opinion in Bailey v. United States, holding that the word "use" in 18 U.S.C. § 924(c)(1) "requires evidence sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense," 116 S. Ct. at 505, such as brandishing, displaying,

-14-

bartering, striking with, as well as firing or attempting to fire a firearm, but not the mere storage of a firearm near drugs or drug

proceeds. <u>Id.</u> at 508; <u>see, e.g., United States v. Rehkop</u>, No. 95-3446, 1996 WL 526239, at *4 (8th Cir. Sept. 18, 1996).

The government concedes that instruction No. 16 is erroneous in light of <u>Bailey</u>. Brief for Appellee at 19. However, the government argues that the error was not "plain," that is, clear or obvious under current law, because "current law," as used in plain error analysis, means the law applicable at the time of trial, not on appeal. We disagree. This court, following several other circuits, has held that "in deciding whether an error is clear under current law, the proper focus is the law applicable on appeal rather than at trial." <u>United States v. Webster</u>, 84 F.3d at 1067 (citing cases). We find the instruction as given is clearly erroneous under current law.

We also find the instruction as given affected appellant's substantial rights. The instruction as given was erroneous with regard to an essential element of the crime, that is, the definition of "use." <u>Id., citing United States v. Ryan</u>, 41 F.3d 361, 370 (8th Cir. 1994) (en banc) (Arnold, C.J., concurring in the judgment in part and dissenting in part), <u>cert. denied</u>, 115 S. Ct. 1793 (1995). The jury could have convicted appellant solely because it found that he "used" the firearms merely by concealing them in the car and having them readily available for use, which would have been squarely inconsistent with <u>Bailey</u> and would have unavoidably prejudiced appellant. Moreover, the government concedes that the evidence is insufficient to support the conviction because the record does not contain evidence of appellant's active employment of the firearm. Brief for Appellee at 21. Under these circumstances, appellant has established that the error affected the outcome of the district court proceedings and the government cannot show otherwise. In other words, we find the error is not harmless. We also believe that failure to correct

-16-

the error could result in a miscarriage of justice and would seriously affect the fairness, integrity or public reputation of

judicial proceedings.  Accordingly, we reverse the conviction on count III.

We next consider whether to remand for a new trial.  The government argues that the evidence is sufficient to a conviction for "carrying" a firearm during and in relation to a drug trafficking crime and that the case should be remanded for new trial on that count because the reversal is based on trial error and not insufficiency of the evidence.  We agree.  The indictment alleged appellant violated 18 U.S.C. § 924(c)(1) by "using" and "carrying" firearms.  As noted above, the jury was not instructed on the "carrying" prong of 18 U.S.C. § 924(c)(1).  This court has recognized that "Bailey left the 'carry' prong of section 924(c)(1) intact, as well as the pre-Bailey cases analyzing the 'carry' prong."  United States v. Willis, 89 F.3d 1371, 1378 (8th Cir. 1996) ("carry" includes transporting firearms in the passenger compartment of a car loaded with drugs), petition for cert. filed, No. 95-5793 (U.S. Sept. 3, 1996); see, e.g., United States v. White, 81 F.3d 80, 83-84 (8th Cir. 1996) ("carry" includes physically carrying firearm while possessing crack with intent to distribute); United States v. Freisinger, 937 F.2d 383, 387 (8th Cir. 1991) (pre-Bailey case holding transporting firearm in passenger compartment of vehicle satisfies "carry" prong of § 924(c)).  Moreover, we note that the Supreme Court, faced with a similar situation in Bailey, remanded the case to the court of appeals with directions to consider whether the "carry" prong of 18 U.S.C. § 924(c)(1) provided an alternative basis for upholding the convictions.  116 S. Ct. at 509 (indictment charged both "using" and "carrying"); see also United States v. Miller, 84 F.3d 1244, 1257-61 (10th Cir. 1996).

After reviewing the record evidence, we think a properly instructed jury could have returned a guilty verdict under the

-18-

"carry" prong of 18 U.S.C. § 924(c)(1). "[T]he ordinary meaning of the word 'carry' includes transporting firearms in the passenger

compartment of a car loaded with drugs." United States v. Willis, 89 F.3d at 1378 (citing cases from other circuits), citing United States v. Freisinger, 937 F.2d at 387 (transporting firearm in passenger compartment of vehicle loaded with drugs satisfies "carry" prong); accord United States v. Miller, 84 F.3d at 1257-61 ("carry" prong satisfied by evidence that defendant possessed and transported firearm in van in close proximity to drugs); see also Bailey v. United States, 116 S. Ct. at 509 ("carry" prong brings some offenders who would not satisfy "use" prong within reach of § 924(c); firearm can be carried without being used, e.g., when an offender keeps a gun hidden in his clothing throughout a drug transaction); United States v. White, 81 F.3d at 83 (holding government must prove defendant bore firearm on or about his person during and in relation to drug trafficking offense, citing dictionary definitions of "carry"). Here, the evidence showed that appellant had been driving the Camaro and that the police found a loaded firearm and 45 grams of methamphetamine in a bag in the hatchback portion of the Camaro, an area regarded (at least in case law) as generally within reach and available for use by the occupants of the car. See United States v. Doward, 41 F.3d at 793-94 (hatchback), cert. denied, 115 S. Ct. 1716 (1995); United States v. Cleveland, 966 F.2d 1459 (hatchback; defendant did not argue that hatchback was trunk as opposed to passenger compartment of car) (text at 1992 WL 139360). This evidence is sufficient to prove that appellant carried a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Accordingly, we remand for a new trial on that count.

The government requests that, if we reverse the conviction on count III, we vacate the sentence as to count II, the possession of methamphetamine with intent to distribute count. The government argues that if, on remand, count III is dismissed or if appellant is acquitted on that count, a two-level enhancement may be

appropriate under U.S.S.G. § 2D1.1(b)(1), which provides that possession of a dangerous weapon, including a firearm, by the

defendant is a specific offense characteristic.  The district court did not consider a § 2D1.1(b)(1) enhancement because such an enhancement would have been double-counting in light of appellant's conviction on the 18 U.S.C. § 924(c)(1) count.  U.S.S.G. § 2K2.4, comment. n. 2 & background.  However, the prohibition against double-counting would not apply in the absence of a 18 U.S.C. § 924(c)(1) conviction.  For that reason, we vacate the sentence as to count II and remand the case to the district court to consider whether a sentence enhancement under U.S.S.G. § 2D1.1(b)(1) is warranted.  See United States v. Rehkop, 1996 WL 526239, at *5; United States v. Thomas, 93 F.3d at 488.

Accordingly, the convictions and sentences are affirmed except with respect to counts II and III, the sentence on count II is vacated, the conviction on count III is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.