# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-1455

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri |
| John R. Caldwell, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  October 6, 1998

Filed:  October 23, 1998

_____

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

John R. Caldwell appeals from the final judgment entered in the District Court[1] for the Western District of Missouri after this court affirmed his convictions for distributing methamphetamine, possessing with intent to distribute methamphetamine, and being a felon in possession of firearms; reversed his conviction for using and carrying a firearm during and in relation to the drug possession; and vacated his

_____

[1]The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

sentence.  See United States v. Caldwell, 97 F.3d 1063, 1070 (8th Cir. 1996). The district court resentenced appellant to 140 months imprisonment and eight years supervised release, and ordered him to pay a $150 special assessment.  For reversal appellant argues the district court erred in applying to the drug-possession offense a two-level enhancement for possession of a firearm under U. S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1997).  For the reasons discussed below, we affirm the judgment of the district court.

We review a district court's factual findings for clear error, and the court's application and construction of the Guidelines de novo.  See United States v. Wells, 127 F.3d 739, 745 (8th Cir. 1997).  Among other things, the record indicates that, at the time of his arrest, Caldwell was driving a car in which there were four handguns, a rifle, and ammunition.  One of the handguns, a loaded .357 Magnum Llama revolver, was inside a carrying case together with an unloaded 9-mm. Smith and Wesson semi-automatic pistol, a jar containing 46.74 grams of methamphetamine, a scale, a mortar and pestle, and a substance suitable for cutting or diluting methamphetamine.  Caldwell was carrying an additional 16.26 grams of methamphetamine and various sized plastic bags of a type commonly used for packaging in the drug trade.  Having already affirmed his conviction for unlawful possession of these firearms, we conclude the district court did not clearly err in finding that Caldwell possessed a firearm and did so in connection with the drug offense.  See U.S. Sentencing Guidelines Manual § 2D1.1, comment. (n.3) (1997) (adjustment should be applied if weapon is present, unless it is clearly improbable that weapon was connected with offense); United States v. Payne, 81 F.3d 759, 763 (8th Cir. 1996); United States v. Cantero, 995 F.2d 1407, 1410-12 (7th Cir. 1993).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.