# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3714

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Clemmie Genero Cason, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 9, 1999
Filed: March 18, 1999

_____

Before FAGG, LAY, and WOLLMAN, Circuit Judges.

_____

PER CURIAM.

Minneapolis police received an anonymous tip about the delivery of crack cocaine to Minneapolis from Chicago. The tipster identified the two men making the delivery as Clemmie Genero Cason and Billy Smith, described their physical characteristics, gave the address where the crack would be delivered, said the men would be driving a 1997 black Saab 900 rented from a certain company with a certain license number, and reported when Cason and Smith had left Chicago and when they should arrive in Minneapolis. Police checked the license number provided by the tipster and learned the license was for the car named, the car was owned by the specified rental company, and the car had been rented by Cason in Chicago. Police

also discovered a Billy Smith had given the delivery address as his own during a contact with law enforcement officers. Around the time of the car's expected arrival, police set up surveillance near the freeway exit that would normally be used by someone traveling from Chicago to the delivery address. When the officers saw a black Saab traveling towards the place of delivery, they followed the car. After confirming the license number was the one given by the tipster, they stopped the Saab. An officer approached the driver's side window and saw two men matching the tipster's descriptions. At the officer's request, the driver, Billy Smith, got out of the car. Because Smith said he did not have a valid driver's license, the officer arrested Smith for driving without a license. In a pat search, the officer felt lumps in Smith's pants pocket. As the officer believed based on his experience, the lumps turned out to be small plastic bags of marijuana. The officer searched the car incident to Smith's arrest and found crack cocaine in the car's hatchback area. The car's passenger, Cason, was charged with conspiracy to distribute and to possess with intent to distribute crack cocaine, and aiding and abetting possession with intent to distribute crack cocaine. The district court denied Cason's motion to suppress the cocaine and a jury convicted him. The district court sentenced Cason to imprisonment for ten years, the statutory minimum sentence.

On appeal, Cason asserts the district court should have granted his motion to suppress because the officers lacked a basis for stopping the Saab or for searching it. We disagree. Under the totality of the circumstances, the investigative stop did not violate the Fourth Amendment. See United States v. Johnson, 64 F.3d 1120, 1124-25 (8th Cir. 1995). Based on the detailed, anonymous tip that the police had extensively corroborated, the police had a reasonable, articulable suspicion that a drug crime was being committed when they stopped the Saab. See id. After stopping the car, officers had probable cause to arrest Smith for driving without a license. See United States v. Caldwell, 97 F.3d 1063, 1067 (8th Cir. 1996). The officers could then properly search the passenger compartment of the car, including the hatchback area where the

crack cocaine was found, incident to Smith's arrest.  <u>See</u> <u>id.</u>  We thus conclude the district court properly denied Cason's motion to suppress.

Cason also asserts the district court should not have applied the statutory minimum sentence because he satisfied the criteria in <u>U.S. Sentencing Guidelines Manual</u> § 5C1.2 (1997) (safety valve provision).  Cason was not eligible for the safety valve because he did not meet some of the requirements.  Cason never met with the government to provide all the information about his offense.  <u>See</u> <u>id.</u> § 5C1.2(5); <u>United States v. Romo</u>, 81 F.3d 84, 85-86 (8th Cir. 1996).  Also, Cason had more than one criminal history point, even though his "decayed" convictions were not counted. <u>See</u> <u>Guidelines</u> § 5C1.2(1).  Because Cason was not eligible for the safety valve, the district court properly declined to apply it.

We affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.