**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Andre D. SMITH, Defendant–Appellant.**

**No. 95–4044.**

United States Court of Appeals, Eighth Circuit.

Submitted April 9, 1996.

Decided Aug. 13, 1996.

James H. Phillips, Little Rock, AR, for appellant.

Lesa Bridges Jackson, Asst. U.S. Atty., Little Rock, AR, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, and WOLLMAN and HANSEN, Circuit Judges.

HANSEN, Circuit Judge.

Andre Smith appeals his convictions under 21 U.S.C. § 841(a) for possession with intent to distribute cocaine base and under 18 U.S.C. § 924(c) for using or carrying a firearm during and in relation to a drug trafficking offense. We affirm the conviction on the drug charge and reverse on the firearm charge.

The facts, viewed in the light most favorable to the jury verdict, *see United States v. White*, 81 F.3d 80, 81 (8th Cir.1996), are as follows. On February 25, 1995, a citizen telephoned the Little Rock Police Department, reporting that a shot had been heard in the area of a city park. Four officers from the Little Rock Police Department entered the park from various directions to investigate the alleged disturbance. The officers observed a group of young men gathered near a picnic table. As the officers approached, the men moved toward a pavilion.

One officer observed Andre Smith and another individual walk away from the group, toward the back of the pavilion. The officer called to the two men, but they kept walking. Two other officers saw Smith reach into his pocket, pull out a white object and a shiny object, and discard the items inside the metal bars of a back entrance to the pavilion. Smith then approached the officer who had called to him. One of the officers who saw Smith discard the items walked over to the back entrance of the pavilion to retrieve them. There, he found a clear plastic bag containing a white, powdery substance and a small, silver derringer, which was loaded. Smith was arrested. The powdery substance was later identified as 9.9 grams of cocaine base.

A federal grand jury indicted Smith, charging him under Count 1 with possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a) and under Count 2 with using or carrying a firearm during or in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). The case proceeded to trial, and a jury returned guilty verdicts on both counts. The district court sentenced Smith to two consecutive five-year terms of imprisonment.

■ Smith appeals his convictions, arguing that the evidence is insufficient to support the guilty verdicts. "In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences drawn from the evidence that support the jury's verdict." *White*, 81 F.3d at 82. We will uphold the jury verdict if a reasonable minded jury could have found the defendant guilty beyond a reasonable doubt. *Id.*

■ The evidence in this case is sufficient to support the verdict on the drug charge. All four officers testified at trial. Two officers testified that they saw Smith take a white object and a shiny object from his pocket and discard them. One of the officers stated that he retrieved what were later identified as a plastic bag containing 9.9 grams of cocaine base and a loaded .32 caliber derringer from the place where he saw Smith discard the objects. This evidence is certainly sufficient to support the jury's conclusion that Smith possessed the contraband. While Smith testified to another version of the facts and claims the officers' testimony is not credible, credibility determination is

properly left in the jury's hands. *United States v. Cunningham,* 83 F.3d 218, 222 (8th Cir.1996). Because a reasonable juror could have credited the officers' testimony, we will not disturb the jury's finding that the officers' testimony was credible and that Smith's testimony was not. *Id.*

We also conclude the evidence is sufficient to support the jury's finding that Smith possessed the cocaine base with intent to distribute it, because an expert testified that 9.9 grams of cocaine base far exceeds the amount attributable to personal use. We therefore affirm the conviction under 21 U.S.C. § 841(a).

■ The conviction under 18 U.S.C. § 924(c) is affected by a recent Supreme Court opinion, *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). In *Bailey,* the Court held that "use" under § 924(c) requires some active employment of the firearm by the defendant. *Id.* at ——, 116 S.Ct. at 505. In light of *Bailey,* the government concedes that the evidence is insufficient to support the conviction, because the record does not contain evidence of Smith's active employment of the firearm. The government does not argue that the evidence supports the "carry" alternative in § 924(c). We note that only the "use" alternative was submitted to the jury by the court's instructions. (*See* Court's Instruction No. 11; Clerk's R. on Appeal at 46.) We therefore reverse and vacate the § 924(c) conviction.

Accordingly, we reverse and remand this case for resentencing consistent with this opinion.