# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-2365EM

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Stephen Jones, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 17, 1998
Filed: November 27, 1998

_____

Before RICHARD S. ARNOLD and FAGG, Circuit Judges, and DAWSON,[*] District
Judge.

_____

PER CURIAM.

A jury convicted Stephen Jones of possession of cocaine base with the intent to
distribute. See 21 U.S.C. § 841(a)(1) (1994). Jones appeals, contending first that the
district court committed error by overruling Jones's motion for acquittal at the close of
the Government's case because the evidence was insufficient to prove Jones intended
to distribute the cocaine base in his possession at the time of his arrest. Jones failed to
renew his motion for acquittal at the close of all the evidence, and we thus review his

_____

[*]The Honorable Robert T. Dawson, United States District Judge for the Western
District of Arkansas, sitting by designation.

contention for plain error. See United States v. Wadena, 152 F.3d 831, 853 (8th Cir. 1998). The Government presented expert testimony that the amount of cocaine base Jones possessed far exceeded an amount attributable to personal use and that the packaging was consistent with distribution. This evidence, viewed in the light most favorable to the Government, is sufficient to support the jury's finding that Jones intended to distribute the cocaine base. See United States v. Smith, 91 F.3d 1199, 1200-01 (8th Cir. 1996). Thus, the district court did not commit error, plain or otherwise, in overruling Jones's motion for acquittal.

Second, Jones contends the district court improperly admitted evidence of Jones's two earlier drug-related convictions because the prejudicial effect of this evidence outweighed its probative value. See Fed. R. Evid. 403. The district court did not abuse its discretion in admitting evidence of these earlier convictions to demonstrate knowledge and intent and minimized any prejudicial impact by giving the jury an appropriate limiting instruction. See United States v. Perkins, 94 F.3d 429, 435-36 (8th Cir. 1996), cert. denied, 117 S. Ct. 1004 (1997).

We affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.