# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 98-1789

_____

United States of America,         *

                         *

         Appellee,        *

                         *    Appeal from the United States

     v.                 *    District Court for the

                         *    District of Minnesota.

Romelle Monte Surratt,       *

                         *

         Appellant.       *

_____

No. 98-1898

_____

United States of America,         *

                         *

         Appellee,        *

                         *

     v.                 *

                         *

Gregory Surratt, Sr.,        *

                         *

         Appellant.       *

_____

Submitted:  October 22, 1998

Filed:  March 31, 1999

_____

Before McMILLIAN, JOHN R. GIBSON, and HANSEN, Circuit Judges.
_____

HANSEN, Circuit Judge.

A jury convicted Romelle Surratt and his brother Gregory Surratt, Sr., on federal drug trafficking charges. Romelle Surratt was also convicted of being a felon in possession of a firearm. The district court[1] sentenced Romelle Surratt to 324 months' imprisonment. Gregory Surratt, Sr., received a 121-month sentence. Romelle Surratt and Gregory Surratt, Sr., appeal their convictions and respective sentences. For the reasons stated below, we affirm the district court's judgments in all respects.

## I.  FACTUAL BACKGROUND

On August 20, 1997, Hennepin County Sheriff's deputies arrested Devon Wright for possession of crack cocaine. Wright agreed to cooperate with the police. Using a secure phone, Wright paged his source. Upon the source's return phone call, Wright placed an order for two ounces of crack cocaine, and officers set up surveillance in the area where the delivery was to occur. The officers were told to expect a black male with the initials R.M. driving either a motor home or an older gray or silver Chevrolet Suburban bearing a particular license plate number.

Shortly thereafter the officers spotted a Suburban matching the description. The vehicle contained three persons:  a driver, a front-seat passenger, and a rear-seat passenger. The Suburban stopped in front of Wright's apartment building. Sergeant Folkens, driving a marked Minneapolis Police Department patrol car, drove up behind

---

[1] The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

2

the Suburban and activated the patrol car's lights. The Suburban then drove away in an apparent attempt to evade the police. Thereafter, Sergeant Folkens pursued the vehicle until it stopped after a minor collision with an unmarked police vehicle approaching from the opposite direction. The driver of the Suburban was later identified as Romelle Surratt. His brother, Gregory Surratt, Sr., occupied the front passenger seat, while Gregory's son, Gregory, Jr., rode in the back seat.

Detectives Zimmer and Moe testified that as the Suburban was coming to a stop, they observed the passenger later identified as Gregory Surratt, Sr., extend his arm out of the window and toss a white bag or object towards the sidewalk.[2] Detective Zimmer was riding in the front seat of Sergeant Folkens' patrol car. He testified that the Suburban's rear tailgate window was down and he could easily view its occupants. According to Detective Zimmer's testimony, he observed Gregory Surratt, Sr., holding a plastic bag containing a white substance he recognized as being crack cocaine. Detective Zimmer further testified that he saw Gregory Surratt, Sr., toss the bag onto the adjacent sidewalk.

Detective Moe was traveling in a vehicle approaching the Suburban head-on. Detective Moe testified that he saw Gregory Surratt, Sr., extend his arm out of the window, and that he saw a white object hanging from Surratt, Sr.'s, hand. According to Detective Moe, as the Suburban was stopping, Surratt, Sr., tossed the white object towards the sidewalk. Detective Moe retrieved the white object from the sidewalk; it was a plastic bag containing two ounces of crack cocaine.

Officers then searched the Suburban and its occupants. The officers found a pager inside the Suburban. A download of the pager's memory revealed that it

---

[2] Although Sergeant Folkens did not see the white package in Gregory Surratt, Sr.'s, hand, he testified that he saw Surratt, Sr., extend his right arm out of the window and also saw a white ball flying through the air.

contained the phone number for the secure phone Devon White had used to place the drug order. While searching Romelle Surratt, the officers found, inter alia, approximately $600, mostly in small denominations, and a receipt for rent paid for a Minneapolis apartment located at 2633 Pleasant Avenue South. Gregory Surratt, Sr., likewise possessed approximately $600, primarily in small denominations. The officers did not discover any remarkable items in their search of Gregory Surratt, Jr.

Later that same day, August 20, 1997, officers obtained and executed a warrant to search Romelle Surratt's apartment and motor home. The search of the apartment uncovered a large amount of drugs, money, drug paraphernalia, and a weapon. Officers found a .38 caliber handgun inside a hall closet, concealed in a car battery having a false lid. They also found fourteen bags of crack cocaine (weighing approximately 748 grams) and 608 grams of marijuana in the hall closet. A safe in the bedroom contained about $2,000 in cash and two digital gram scales. A pair of women's shoes found in the living room contained $4,000 in cash. Notebooks that expert testimony later identified as relating to cocaine trafficking were also seized.

A search of the bedroom and bedroom closet uncovered miscellaneous items linking Romelle Surratt to the apartment. Officers found documents, receipts, photographs, and identification cards bearing Romelle Surratt's likeness and name. The identification cards were found in a man's leather coat that also contained a bag of 13.1 grams of crack cocaine. In the motor home, officers found plastic baggies of the type commonly used to package drugs.

A fourteen-year-old female named Lashawnda Manson was in the apartment at the time the officers executed the search warrant. Over the course of the investigation and trial, Ms. Manson provided various accounts regarding the contraband found in the apartment. At trial, for example, Ms. Manson testified that the drugs found in the closet belonged to her former boyfriend, not one of the defendants. Ms. Manson claimed that she hid the drugs after learning that the police had arrested the three

Surratts. She admitted, however, that at the time of the search she told the officers that she did not know who owned the drugs or weapon, and that she had also told the police a different story shortly before the trial.

The grand jury issued a superseding indictment on November 19, 1997. Counts I and II concerned the drugs associated with the stop of the Suburban. Count I charged Romelle Surratt, Gregory Surratt, Sr., and Gregory Surratt, Jr., with conspiring to distribute, and possessing with the intent to distribute, over 50 grams of a mixture of substance containing crack cocaine, in violation of 21 U.S.C. § 846. Count II charged the three men with aiding and abetting each other in possessing with the intent to distribute approximately 52 grams of a mixture of substance containing crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Counts III and IV concerned the contraband discovered during the search of Romelle Surratt's apartment. Count III charged Romelle Surratt with possessing with intent to distribute approximately 365 grams of a mixture of substance containing crack, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Count IV charged him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).

Each defendant pleaded not guilty, and a single jury heard all three cases. The jury found Romelle Surratt guilty on all four counts, and found Gregory Surratt, Sr., guilty on Counts I and II. Gregory Surratt, Jr., was acquitted. The district court sentenced Romelle Surratt to 324 months of imprisonment, and Gregory Surratt, Sr., received a 121-month sentence.

## II. ROMELLE M. SURRATT

### A. Sufficiency of the Evidence

Romelle Surratt argues that the government failed to present sufficient evidence to support the jury's verdict with respect to Counts III and IV of the superseding

indictment. Counts III and IV relate to the drugs and weapon found during the search of Romelle Surratt's apartment. In Count III, the government charged Romelle Surratt with possession with the intent to distribute 365 grams of crack cocaine; Count IV charged Romelle Surratt with being a convicted felon in possession of a firearm. "'In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences drawn from the evidence that support the jury's verdict.'" United States v. Smith, 91 F.3d 1199, 1200 (8th Cir. 1996) (quoting United States v. White, 81 F.3d 80, 82 (8th Cir. 1996)). "We will uphold the jury verdict if a reasonable minded jury could have found the defendant guilty beyond a reasonable doubt." Id. This standard of review is very strict; we will not lightly overturn the jury's verdict. United States v. Perkins, 94 F.3d 429, 436 (8th Cir. 1996), cert. denied, 117 S. Ct. 1004 (1997).

Romelle argues that although the government presented "ample evidence of the presence of the contraband, there was a complete absence of any evidence that it was [Romelle Surratt] who possessed either the firearm or the drugs." (Romelle Surratt's Br. at 9.) We reject this argument. It is well established that the government need not prove actual possession, constructive possession is sufficient. See, e.g., United States v. McCracken, 110 F.3d 535, 541 (8th Cir. 1997) ("Proof of constructive possession is sufficient to satisfy the element of knowing possession."); United States v. Wesley, 990 F.2d 360, 364 (8th Cir. 1993) ("This court has held that possession may be actual or constructive."). "Constructive possession of [contraband] is established if a person has 'ownership, dominion or control over the contraband itself, or dominion over the premises in which the contraband is concealed.'" McCracken, 110 F.3d at 541 (quoting United States v. Ojeda, 23 F.3d 1473, 1475 (8th Cir. 1994)).

The government's evidence in this case is more than sufficient to support a conclusion that Romelle Surratt constructively possessed the drugs and gun found during the search of his apartment. For example, evidence including photographs and

6

rent receipts clearly showed that Romelle rented and occupied the apartment. Despite this, Romelle Surratt attempts to focus our attention solely on the evidence found hidden in the closet because Lashawnda Manson testified that the drugs found there did not belong to Surratt. Yet the apartment search also turned up various items associated with drug trafficking, including two digital scales and notebooks that were linked to cocaine sales. Furthermore, over the course of the investigation and prosecution of Romelle Surratt, Ms. Manson provided different accounts as to the ownership of the drugs and weapon found in Romelle Surratt's apartment. A reasonable minded jury could properly discredit her testimony in view of these inconsistencies. See Smith, 91 F.3d at 1200-01 (noting that witness credibility is a matter left to the jury).

Moreover, "[i]t is not necessary for the evidence before the jury to rule out every reasonable hypothesis of innocence. It is enough that the entire body of evidence be sufficient to convince the fact-finder beyond reasonable doubt of the defendant's guilt." United States v. Noibi, 780 F.2d 1419, 1422 (8th Cir. 1986). We hold, therefore, that a reasonable jury could conclude that Romelle Surratt "had sufficient dominion over the premises to establish constructive possession of the [drugs and weapon]." McCracken, 110 F.3d at 541.

**B.     Sentencing**

In his main brief, Romelle Surratt presents one challenge to his 324-month sentence. He invites this court to once again address the statutory sentencing differences between crack and powder cocaine. He concedes that our court has upheld the guidelines and statutes that provide longer sentences for crack cocaine than for powder cocaine. See, e.g., United States v. Crawford, 83 F.3d 964, 965 (8th Cir.) ("[T]he statutory distinction between cocaine and cocaine base [is] not ambiguous and [does] not require us to apply the rule of lenity."), cert. denied, 117 S. Ct. 258 (1996). We decline the invitation to revisit this issue and affirm the 324-month sentence. See United States v. Ortega, 150 F.3d 937, 947 (8th Cir. 1998) ("[I]n our circuit, one panel

is not at liberty to overrule the decision of another."), <u>cert.</u> <u>denied,</u>__S. Ct. __, 1999 WL 8676, 67 U.S.L.W. 3436 (U.S. Jan. 11, 1999) (No. 98-6987).

## C.     Summary — Romelle Surratt

Finally, Romelle Surratt filed two pro se supplemental briefs.  Although it is normally not our practice to consider pro se briefs filed by represented parties, <u>see</u> <u>United States v. Gregory Allen Peck</u>, 161 F.3d 1171, 1174 n.2 (8th Cir. 1998), we gave Mr. Surratt permission to file a pro se brief.  We have carefully reviewed the additional arguments raised in both briefs and find them meritless.  We also deny his motion to file a third supplemental brief.  In sum, we find more than sufficient evidence to support the jury's verdict on all counts, and we find no error in the sentence imposed by the district court.  Thus, we affirm the district court's judgment as to Romelle Surratt.

## III.  GREGORY SURRATT, SR.

## A.     Sufficiency of the Evidence

In Count I of the indictment, the government charged Gregory Surratt, Sr., with participating in a conspiracy to distribute crack cocaine.  Count II charged him with aiding and abetting the possession with the intent to distribute crack cocaine.  He now claims that the government produced "no evidence that he knowingly contributed his efforts in furtherance of the objectives of the conspiracy," nor did he "knowingly associate himself with the venture, participate in it, or act in a manner to make it succeed."  (Gregory Surratt, Sr.'s, Br. at 10.)  "In assessing this argument, we are required to view the evidence in the light most favorable to the verdict and to give the government all reasonable inferences to be drawn therefrom."  <u>Perkins</u>, 94 F.3d at 436 (citing <u>United States v. Suppenbach</u>, 1 F.3d 679, 681-82 (8th Cir. 1993)).

8

To prove that Surratt, Sr., was a participant in a conspiracy to distribute crack cocaine, "the government was required to show evidence that two or more people, including [Gregory Surratt, Sr.], reached an agreement and the purpose of the agreement was a violation of the law." United States v. McCarthy, 97 F.3d 1562, 1568 (8th Cir. 1996), cert. denied, 117 S. Ct. 1011, and 117 S. Ct. 1284 (1997). "'The agreement need not be formal; a tacit understanding will suffice. Moreover, the government may prove the agreement wholly by circumstantial evidence or by inference from the actions of the parties.'" Id. (quoting United States v. Shoffner, 71 F.3d 1429, 1433 (8th Cir. 1995)).

We need not recount the evidence against Surratt, Sr., in detail, a brief recap should suffice. Two officers testified that as the police approached the Suburban, they saw a man, who was later determined to be Gregory Surratt, Sr., hold his arm out of the window and toss a bag to the sidewalk. Detective Moe recovered the bag which contained two ounces of crack cocaine. Thus, the government presented evidence that Gregory Surratt, Sr., physically possessed the drugs, and attempted to dispose of them when the police arrived. Moreover, the government produced evidence that at the time of his arrest, Gregory Surratt, Sr., possessed about $600, primarily in small denominations. Expert testimony established that carrying large sums of money in small denominations was common in the crack trade. Although Surratt, Sr.'s, testimony attempted to explain away the evidence against him, the issue of his credibility was a question for the jury. Smith, 91 F.3d at 1200-01 (citing United States v. Cunningham, 83 F.3d 218, 222 (8th Cir. 1996)). Thus, contrary to his arguments, the government presented ample evidence that Gregory Surratt, Sr., knowingly associated himself with the venture, participated in it, and acted in a manner to make it succeed. We hold, therefore, that the evidence supports the jury's verdict, and we affirm the conviction of Gregory Surratt, Sr., with respect to Counts I and II of the superseding indictment.[3]

---

[3] Gregory Surratt, Sr., also contends that a conviction based on supposedly "untrustworthy and unreliable evidence" constitutes plain error, and consequently,

**B.      Sentencing**

**1.      Safety Valve**

Gregory Surratt, Sr., also argues that he should have received a reduced sentence under the "safety valve" provision of the U.S. Sentencing Guidelines Manual § 5C1.2(1)-(5) (1997).  See also 18 U.S.C. § 3553(f)(1)-(5).  A drug defendant facing a statutory minimum sentence may receive a more lenient sentence within the guidelines if he qualifies under the safety valve provisions.  See United States v. Romo, 81 F.3d 84, 85 (8th Cir. 1996).  In order to qualify, a drug defendant must satisfy five requirements.  In relevant part, the five requirements are as follows:

(1)      the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2)      the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon . . . in connection with the offense;

(3)      the offense did not result in death or serious bodily injury to any person;

(4)      the defendant was not an organizer, leader, manager, or supervisor of others in the offense . . .; and

we must reverse his conviction.  (See Gregory Surratt, Sr.'s, Br. at 11.)  This argument suggests a misunderstanding of the nature of plain error review.  The plain error doctrine applies a heightened standard of review to issues not preserved for appellate review.  See Fed. R. Crim. P. 52(b); United States v. Aikens, 132 F.3d 452, 455 (8th Cir.), cert. denied, 119 S. Ct. (1998).  The government does not contend that Gregory Surratt, Sr., failed to preserve his sufficiency argument for appeal.  Hence, the plain error doctrine has no application on this issue.  Furthermore, this issue lacks merit because, as already noted, matters of credibility are the province of the jury.

(5)    not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government <u>all information and evidence</u> the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . .

USSG § 5C1.2 (emphasis added).

It is undisputed that Gregory Surratt, Sr., fulfilled the first four safety valve requirements. Thus, the only issue is whether he truthfully provided the Government with all of the information and evidence that he had concerning the offenses. <u>See</u> <u>id.</u> The defendant bears the burden of proof on this matter. <u>See</u> <u>United States v. Velasquez</u>, 141 F.3d 1280, 1283 (8th Cir.), <u>cert.</u> <u>denied</u>, 119 S. Ct. 223, and 119 S. Ct. 223 (1998). We review the district court's findings for clear error. <u>Id.</u>

At his sentencing hearing, Gregory Surratt, Sr., attempted to fulfill the fifth safety valve requirement. The district court granted a continuance in order to provide Surratt, Sr., with sufficient time to make a proffer. (<u>See</u> Sentencing Tr. at 5.) After the hearing resumed, the district court found that although Surratt, Sr., made a proffer, that proffer did not include any information as to his own guilt or complicity in the charged offenses. In view of this deficiency, the district court, relying on its own credibility assessment, concluded that Surratt, Sr., failed in his burden of proving that he had provided all of the information and evidence he had concerning the offenses in question. (<u>See</u> <u>id.</u> at 14-15.) We cannot say that this finding is clearly erroneous.

Gregory Surratt, Sr., argues that because he knew that admitting his complicity would qualify him for the safety valve, the fact that he did not make such an admission suggests that he must have truthfully provided all of the information that he had. According to Surratt, Sr., "there [was] no logical reason for [him] to lie." (Gregory Surratt, Sr.'s Br. at 14.) This argument, however, completely ignores the fact that Surratt, Sr., testified at trial and denied his involvement. To admit complicity during

11

sentencing would have exposed him to potential perjury charges. Thus, even at the time of sentencing he retained ample motivation to lie about his complicity. The fact that he faced this difficult choice is of no concern to us. We hold, therefore, that the district court did not clearly err in finding that Gregory Surratt, Sr., failed to qualify for a sentence reduction under the safety valve exception to his statutory minimum sentence.

### 2. Minor Role

Finally, Gregory Surratt, Sr., contends that the district court erred in not granting him a two-level reduction for being a minor participant. See USSG § 3B1.2(b). The Application Notes define a minor participant as "any participant who is less culpable than most other participants, but whose role could not be described as minimal." USSG § 3B1.2, comment. (n.3). As the defendant, Surratt, Sr., bears the burden of proof on this issue. United States v. Chatman, 119 F.3d 1335, 1341 (8th Cir.), cert. denied, 118 S. Ct. 434 (1997). We review the district court's fact-findings with respect to a participant's role in the offense for clear error. Id.

In this case, the district court found Gregory Surratt, Sr., to be an "average participant" in the charged conduct. (Sentencing Tr. at 15.) In reaching this conclusion the court relied on the evidence of complicity and the jury's verdict. The government presented evidence showing that Surratt, Sr., possessed the package of crack prior to the time when the Suburban finally stopped. Two officers testified that they saw Surratt, Sr., attempting to dispose of the crack. Finally, Surratt, Sr., does not dispute that at the time of his arrest, officers found about $600, mostly in small denominations, in his possession. Thus, we hold the district court did not clearly err in finding that Gregory Surratt, Sr., was an average participant in the conduct charged in Counts I and II.

12

**C.    Summary — Gregory Surratt, Sr.**

We reject Gregory Surratt, Sr.'s, challenges to his conviction and sentence. Accordingly, we affirm the district court's judgment with respect to Gregory Surratt, Sr.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT