# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1447

_____

United States of America,            *
                                     *
            Appellant,               *
                                     *
   v.                                *
                                     *
Eararick Thurmon, also known as Iroc, *
                                     *
            Appellee.                *

Appeals from the United States
District Court for the
Northern District of Iowa.

_____

No. 01-1493

_____

United States of America,            *
                                     *
            Appellee,                *
                                     *
   v.                                *
                                     *
Eararick Thurmon, also known as Iroc, *
                                     *
            Appellant.               *

_____

Submitted:  November 14, 2001

Filed:  January 25, 2002
_____

Before LOKEN, LAY, and, HEANEY, Circuit Judges.
_____

HEANEY, Circuit Judge.

Appellee/cross-appellant Eararick Thurmon pleaded guilty to a charge of conspiracy to distribute crack cocaine and was sentenced to eighty-seven months. The government appeals this sentence, claiming the district court erred in granting a three-level reduction for Thurmon's role in the offense. Thurmon cross-appeals the district court's decision to enhance the sentence for obstruction of justice and its refusal to grant a reduction for acceptance of responsibility. We reverse on all counts.

## I. Background

On March 16, 1998, Thurmon and several other defendants were indicted on a charge of conspiracy to distribute more than fifty grams of cocaine base between 1995 and 1997. Thurmon pleaded guilty to the conspiracy count of the indictment but only admitted to being involved in the distribution of more than five grams of crack cocaine. The parties agreed that the district court sentencing Thurmon should resolve the issue of how much crack cocaine Thurmon was accountable for under the beyond a reasonable doubt standard.

At the sentencing hearing, the district court noted that several of the government's witnesses were not credible, and the court refused to accept the government's portrayal of the conspiracy. The court held that Thurmon was responsible for thirty-five to fifty grams of crack cocaine, requiring a base offense level of thirty. Thurmon's statements at his plea hearing and at sentencing were somewhat inconsistent; therefore, the court made an obstruction of justice finding and increased the base offense level by two. Sent. Tr. Vol. 4 at 127; see also U.S.S.G. § 3C1.1 (1999). The court then noted that the obstruction finding prevented it from granting Thurmon a three-level reduction for acceptance of responsibility, even though Thurmon had otherwise taken responsibility for his actions. Sent. Tr. Vol. 4 at 128; see also U.S.S.G. § 3E1.1 (2001). Next, the district court compared Thurmon's conduct with the conduct of the other defendants in the conspiracy and found that Thurmon played a mitigating role in the offense, warranting a three-level reduction in his offense level. Sent. Tr., Vol. 4 at 129; see also U.S.S.G. § 3B1.2 (2001). The court concluded that Thurmon had a final adjusted offense level of twenty-nine, with a sentencing range of eighty-seven to one-hundred eight months. Sent. Tr., vol. 4 at 136. The district court imposed a sentence of eighty-seven months.

## II. Discussion

The parties raise three issues on appeal. First, the government appeals the district court's decision to grant Thurmon a three-level reduction for his mitigating role in the offense. The government contends that because Thurmon's conduct was narrowly defined, the additional reduction for his role in the offense amounted to a double reduction. Second, Thurmon cross-appeals and argues that the court erred in enhancing his base offense level for obstruction of justice. Third, Thurmon argues that the court erred in refusing to grant a reduction for acceptance of responsibility.

We first consider the government's claim that the district court erred by granting Thurmon an offense level reduction for his role in the offense. Application of the sentencing guidelines are reviewed de novo, but factual determinations are reviewed for clear error. See United States v. Moore, 242 F. 3d 1080, 1081 (8th Cir. 2001). Whether a defendant qualifies for a role reduction is a question of fact. United States v. Surratt, 172 F.3d 559, 567 (8th Cir. 1999).

The sentencing guidelines provide for a reduction of between two and four levels to reflect a defendant's mitigating role in the offense. U.S.S.G. § 3B1.2 (1999). A defendant's role in the offense is measured by the relevant conduct for which he is held responsible. United States v. McCarthy, 97 F.3d 1562, 1574 (8th Cir. 1996) ("Once a defendant's relevant conduct for sentencing purposes has been determined, that same relevant conduct is used not only in determining the defendant's base offense level but also for any role in the offense adjustments made pursuant to Chapter 3 of the Guidelines."); see also United States v. Ramos-Torres 187 F.3d 909, 915 (8th Cir. 1999) ("The propriety of a downward adjustment is determined by comparing the acts of each participant in relation to the relevant conduct for which the participant is held accountable and by measuring each participant's individual acts and relative culpability against the elements of the offense.") (citation omitted).

To determine whether Thurmon was entitled to a reduction for his role in the offense, we must first define the relevant conduct for which he was held accountable when the district court assessed his base offense level. See United States v. Ramos-Torres 187 F.3d at 915. The district court held Thurmon accountable for distribution of thirty-five to fifty grams of crack cocaine, placing his base offense level at thirty. The court indicated that it sentenced him at this level because the court believed Thurmon personally sold thirty-five to fifty grams of crack cocaine. See Sent. Tr. Vol. 4 at 96-98, 127. This base offense level is significantly lower than it would have

been had the court accepted the government's portrayal of Thurmon's involvement in a large-scale conspiracy.

Having limited Thurmon's relevant conduct to the crack cocaine he sold, the district court should not have also given him a reduction for having played a minor or minimal role in the large conspiracy alleged by the government. See United States v. Ramos-Torres 187 F.3d at 915, United States v. McCarthy, 97 F.3d at 1574 (stating that the court must use the same relevant conduct in determining role adjustments that it uses when determining the base offense level). Rather, the court should have examined Thurmon's role in distributing thirty-five to fifty grams of crack cocaine. Thurmon was the primary seller of those drugs; thus, he is ineligible for the § 3B1.2 reduction. The district court's holding to the contrary was erroneous.

We now turn to Thurmon's claim that the court erred when it enhanced his base offense level for obstruction of justice. U.S.S.G. §3C1.1 provides for a two-level enhancement if a defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. § 3C1.1 (1999). The district court found Thurmon committed obstruction of justice by making inconsistent statements at his plea hearing and at sentencing. Upon review of the record, we find that Thurmon's statements amount to no more than an accidental inconsistency that does not rise to the level of obstruction of justice, as defined by the guidelines. See id. The district court should not have enhanced Thurmon's sentence for obstruction of justice.

Finally, we turn to the issue of whether the court should have reduced Thurmon's offense level for acceptance of responsibility. U.S.S.G. § 3E1.1 states that a court should decrease a defendant's offense level if he "clearly demonstrates

acceptance of responsibility for his offense." U.S.S.G. § 3E1.1 (2001). At sentencing, the court reasoned that it was precluded by its obstruction finding from giving Thurmon a reduction for acceptance of responsibility. Sent. Tr. Vol. 4 at 127-28; cf. United States v. Honken, 184 F.3d 961, 967-68 (8th Cir. 1999) (discussing U.S.S.G. §3E1.1 cmt. n. 4 which allows a court to grant both a reduction for acceptance of responsibility as well as an enhancement for obstruction of justice in extraordinary circumstances). The court stated, however, that Thurmon had "done everything any judge or defense lawyer could ask of a defendant in terms of acceptance of responsibility" and noted that the court was "pained most specifically about this ruling." Sent. Tr. Vol. 4 at 127-28. Based on the record and our finding that Thurmon did not obstruct justice, we find that the district court erred by refusing to reduce Thurmon's sentence for acceptance of responsibility.

## III. Conclusion

Because of our findings above, we reverse and remand for re-sentencing consistent with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-