# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3991

_____

United States of America,        *
                                 *
            Appellee,            *
                                 *    Appeal from the United States
    v.                           *    District Court for the
                                 *    District of Nebraska.
Raymond L. White, also known as  *
Bang,                            *        [UNPUBLISHED]
                                 *
            Appellant.           *

_____

Submitted: May 13, 2003

Filed:  May 22, 2003

_____

Before WOLLMAN and BEAM, Circuit Judges, and NANGLE,[1] District Judge.

_____

PER CURIAM.

On August 16, 2002, Raymond White plead guilty to conspiracy to distribute more than 50 grams of cocaine base.  At a sentencing hearing on November 8, 2002, he argued that he was a "minor participant" in the conspiracy and requested a reduction in his offense level pursuant to United States Sentencing Guidelines section

_____

[1]The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

3B1.2(b). The district court[2] denied his request and sentenced him to 145 months in prison. White appeals. We affirm.

The district court's determination of whether a defendant qualifies for a role reduction is a question of fact to be reviewed for clear error. United States v. Monk, 312 F.3d 389, 390 (8th Cir. 2002). Section 3B1.2(b) provides for a two-level decrease if "the defendant was a minor participant" in criminal activity, and the application notes define a "minor participant" as a defendant "who is less culpable than most other participants." U.S. Sentencing Guidelines Manual § 3B1.2(b) n.5. We have held that a minor participant reduction is inappropriate when the district court bases the offense level only on drug quantities directly attributable to the defendant. United States v. Thurmon, 278 F.3d 790, 792-93 (8th Cir. 2002). The sentence in that circumstance will already reflect the defendant's smaller role in relation to the quantities attributable to the larger conspiracy. Id. at 793. White's argument that the November 1, 2002, amendment to section 3B1.2 overrides this well-established rule is inapposite.[3]

White concedes that his sentence was based solely on the amount of cocaine base for which he was directly responsible. We find no clear error and affirm the district court's denial of White's request for a minor participant reduction.

_____

[2]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

[3]Amendment 640 provides a maximum base offense level of 30 for defendants who receive a mitigating role adjustment. See U.S. Sentencing Guidelines Manual supp. to app. C at 263-64. But that does not alter our analysis in determining, in the first place, whether a defendant is entitled to the adjustment, and the district court correctly noted this point.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.