# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2529

_____

United States of America,              *
                                       *
                 Appellee,             *    Appeal from the United States
                                       *    District Court for the District
         v.                            *    of Nebraska.
                                       *
Richard Woodard,                       *         [UNPUBLISHED]
                                       *
                 Appellant.            *

_____

Submitted:  February 10, 2004

Filed:  February 17, 2004

_____

Before MELLOY, FAGG, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

The Government charged Richard Woodard of conspiring with Tristan Carter and others to distribute more than five hundred grams of methamphetamine between January 30, 2002 and August 16, 2002. A jury convicted Woodard and specifically found he was responsible for more than five hundred grams of methamphetamine. The district court[*] sentenced Woodard to ninety-seven months in prison and five

_____

[*]The Honorable Thomas J. Shanahan, United States District Judge for the District of Nebraska.

years of supervised release. Woodard appeals his conviction and sentence. We affirm.

Woodard first contends the evidence was insufficient to support his conviction. We must uphold Woodard's conspiracy conviction if the evidence showed an agreement between Woodard and another person to distribute methamphetamine, Woodard's knowledge of the agreement, and Woodard's intentional participation in the agreement. See United States v. Hester, 140 F.3d 753, 760 (8th Cir. 1998); United States v. Cuervo, 2004 WL 99021, at *10 (8th Cir. Jan. 22, 2004). Viewing the evidence in the light most favorable to the verdict, see Cuervo, 2004 WL 99021, at *3, we conclude a reasonable jury could find beyond a reasonable doubt that Woodard conspired to distribute methamphetamine with Tristan Carter. The evidence showed Woodard purchased one-eighth to ounce quantities of methamphetamine from Carter two or three times a week from January to August 2002. Carter testified he delivered the methamphetamine to Woodard's home, and before he left, Woodard often gave some of it to Jessica Strickland or Patricia Kuehn to smoke to check its effectiveness. Strickland and Kuehn testified they received methamphetamine from Woodard to smoke at their place of work or his apartment. Carter also knew Woodard was redistributing to others. Carter testified Woodard would write him checks for part of the drugs, stating others were not there yet with their part of the money. The cancelled checks supported Carter's testimony. Further, Carter testified that Woodard asked him about delivering to others Woodard had lined up to buy methamphetamine, and Carter told him he would only sell to him, not the others. Likewise, Strickland testified Woodard was receiving money from another unidentified person to purchase methamphetamine from Carter. In addition, the evidence showed Woodard provided $7300 to bail Carter out of jail after his arrest. Granting the verdict the benefit of all reasonable inferences, we conclude the totality of the evidence against Woodard was sufficient to support the jury's verdict. See id. at *10. Woodard contends the government witnesses were not credible, but it was the

jury's prerogative to believe them despite testimony about Carter's conviction and agreements not to prosecute Strickland and Kuehn.

Woodard next contends his attorney should have requested a jury instruction stating that a buyer/seller relationship alone is insufficient to establish a conspiracy. Woodard argues his attorney's failure amounted to ineffective assistance of counsel. Generally, we do not consider ineffective assistance of counsel claims on direct appeal unless the district court developed a record on the ineffectiveness issue or a plain miscarriage of justice would otherwise result. United States v. Zimmer, 299 F.3d 710, 722 (8th Cir. 2002). In this case, however, a buyer/seller instruction was inappropriate because there was evidence of multiple drug transactions as opposed to a single, isolated sale. United States v. Jefferson, 215 F.3d 820, 823 (8th Cir. 2000). Thus, the failure of Woodard's attorney to request a buyer/seller instruction did not violate Woodard's right to the effective assistance of counsel, and the district court's failure to give the instruction sua sponte did not amount to plain error.

Last, Woodard argues the district court should have decreased his offense level for his mitigating role in the offense under U.S.S.G. § 3B1.2 (providing four-level decrease for defendants who are minimal participants, two-level decrease for minor participants, and three-level decrease for defendants who fall between). According to Woodard, the district court committed plain error in finding he was not a minor participant in the conspiracy. Woodard had the burden to prove the applicability of a reduction for minor or minimal participation. United States v. O'Dell, 204 F.3d 829, 837 (8th Cir. 2000). A minor participant is any participant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 n.5. A defendant's role in the offense is measured by the relevant conduct for which the defendant is responsible. United States v. Thurmon, 278 F.3d 790, 792 (8th Cir. 2002). Here, the district court did not hold Woodard responsible for the entire amount of methamphetamine distributed by the conspiracy (over 130 pounds). Instead, the district court held Woodard responsible for only the

methamphetamine he bought, over five hundred grams.  Thus, it would have been inappropriate for the district court to compare Woodard's role versus Carter's role in distributing the 130 pounds of methamphetamine.  <u>Id.</u> at 792-93.  Instead, the district court appropriately considered Woodard's role in distributing the five hundred grams of methamphetamine.  <u>See</u> <u>id.</u>  In so doing, the district court observed Woodard's residence was the focal point for distribution of the five hundred grams of methamphetamine, and Woodard was "right in the center" of its distribution.  Thus, the district court did not commit clear error in denying Woodard a mitigating role reduction.  <u>See</u> <u>id.</u>

We thus affirm Woodard's conviction and sentence.

_____