# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3222

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Angel Carasa-Vargas, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: May 9, 2005
Filed: August 11, 2005

_____

Before WOLLMAN, BRIGHT, and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

Angel Carasa-Vargas appeals his eighteen-month sentence imposed by the district court[1] following a plea of guilty to transporting eleven illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). We affirm.

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

# I

On January 22, 2004, Carasa-Vargas and co-defendant Carlos Diaz-Dominguez were stopped by Tama County, Iowa, authorities while driving a Chevrolet Suburban. In addition to Carasa-Vargas and Diaz-Dominguez, police discovered eleven illegal Mexican aliens in the vehicle. Carasa-Vargas had been hired by Diaz-Dominguez to assist him in transporting the aliens to various locations within the United States. The Suburban was rated to carry a maximum of nine passengers and police discovered some of the excess passengers lying across the laps of others or on the floor, and only two occupants were using seatbelts.

On April 9, 2004, Carasa-Vargas pleaded guilty to one count of transporting illegal aliens. At sentencing, the district court calculated a base offense level of twelve which it increased to fifteen based on the number of aliens involved in the offense. See United States Sentencing Guidelines § 2L1.1(b)(2)(A). Over Carasa-Vargas's objection, the district court imposed a three-level enhancement under U.S.S.G. § 2L1.1(b)(5) for creating a substantial risk of injury during the commission of the offense, resulting in an adjusted offense level of eighteen. The district court rejected Carasa-Vargas's request for a downward adjustment under U.S.S.G. § 3B1.2 for minor or minimal role in the offense but did award a three-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a). Based on a final adjusted offense level of fifteen, and a criminal history category I, the district court sentenced Carasa-Vargas at the bottom end of the eighteen to twenty-four month sentencing range.

In anticipation of changes to the Guidelines foreshadowed by the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), the district court proposed two alternate sentences. First, the district court calculated the sentencing range without the three-level enhancement under § 2L1.1(b)(5) and arrived at a

sentence of eighteen months.[2]  Second, assuming the Guidelines would be held unconstitutional in whole or in part, and, based on the sentencing factors outlined in 18 U.S.C. § 3553(a)(1)-(7), the district court proposed another eighteen-month sentence.

On appeal, Carasa-Vargas argues the district court erred by imposing the three-level upward adjustment under § 2L1.1(b)(5) because it exposed him to a sentence beyond the statutory maximum in violation of Jones v. United States, 526 U.S. 227 (1999).  He also argues imposition of the three-level enhancement over his Blakely objection violated his Sixth Amendment rights, and it was unconstitutional because it was not imposed against his similarly situated co-defendant.  Finally, Carasa-Vargas argues the district court erred in refusing to award a downward adjustment based on his role in the offense.

## II

## A

Carasa-Vargas first argues the district court's imposition of the three-level upward adjustment exposed him to a sentence in excess of the statutory maximum in violation of Jones.  We disagree.

Jones involved a defendant convicted of car jacking and aiding and abetting car jacking in violation of 18 U.S.C. § 2119.  526 U.S. at 230.  Jones was advised the maximum sentence for a violation of § 2119 was fifteen years.  Id. at 231.  The

---

[2]Assuming the three-level upward adjustment under § 2L2.1(b)(5) was inapplicable, Carasa-Vargas's adjusted base offense level was fifteen.  At a level fifteen, Carasa-Vargas was only eligible for a two-level downward adjustment for acceptance of responsibility, resulting in a final adjusted base offense level of thirteen with a sentencing range of twelve to eighteen months.

statute, however, provided for a maximum sentence of twenty-five years if serious bodily injury resulted. Id. At trial, the jury found Jones guilty of car jacking but was not asked to make any findings with respect to serious bodily injury so as to trigger the higher maximum sentence. Nevertheless, at sentencing the district court, relying on information in the presentence report, found serious bodily injury by a preponderance and imposed the twenty-five-year maximum sentence. Id. On appeal, the Supreme Court concluded Jones had not been charged with the more serious offense and the district court's twenty-five-year sentence unconstitutionally exceeded the maximum permitted under the charged offense since it was based on judge-found facts. Id.

Carasa-Vargas analogizes the district court's application of the three-level enhancement for creating a substantial risk of serious injury to the principle enunciated in Jones. He points out he was charged under 8 U.S.C. § 1324(a)(1)(A)(ii) which carries a maximum sentence of ten years, but 8 U.S.C. § 1324(a)(1)(B)(iii) increases the statutory maximum for transporting illegal aliens to twenty years if "the person causes serious bodily injury to, or places in jeopardy the life of, any person." According to Carasa-Vargas, the imposition of a sentencing enhancement which closely tracks the language of § 1324(a)(1)(B)(iii) resulted in the same constitutional violation identified in Jones.

The flaw in Carasa-Vargas's argument is he was not charged under one statute and sentenced, based upon judge-found facts, under a second statute to a higher maximum. Nor was he ever exposed to a higher statutory maximum. The district court specifically stated it could not impose a maximum sentence beyond ten years based upon facts not submitted to the jury. Thus, there was no Jones violation.

B

Carasa-Vargas next argues the three-level enhancement violated his Sixth Amendment rights under Blakely.

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court extended Blakely, holding that the Guidelines regime ran afoul of the Sixth Amendment insofar as it required judges, based on judge-found facts, to impose more severe sentences than could have been imposed based solely on facts found by the jury or admitted by the defendant. Id. at 750. To remedy the Sixth Amendment problem, the Supreme Court declared the entirety of the Guidelines "effectively advisory," but instructed district courts to "consult those Guidelines and take them into account when sentencing." Id. at 757, 767.

For purposes of this appeal, we assume the district court's imposition of the three-level enhancement violated Carasa-Vargas's Sixth Amendment rights. Here, however, the district court proposed two alternate identical eighteen-month sentences in the event the enhancement or the Guidelines in their entirety were held inapplicable. Further, the judgment reflects the district court specifically considered the sentencing factors set forth in 18 U.S.C. § 3553(a)(1)-(7). Thus, we conclude the error did not effect the ultimate sentence and was harmless beyond a reasonable doubt. See United States v. Bassett, 406 F.3d 526, 527 (8th Cir. 2005) (per curiam).

C

Next, Carasa-Vargas argues the district court erred by imposing the three-level enhancement in his case but not against Diaz-Dominguez.

At the time Diaz-Dominguez was sentenced, United States v. Pirani, No. 03-2871, slip op. at 14 (8th Cir. August 5, 2004), vacated, 2004 WL 1748930 (8th Cir.

Aug. 16, 2004), which held the Guidelines were in part unconstitutional, was the law of this circuit. The district court avoided the constitutional error by declining to impose the enhancement. By the time Carasa-Vargas was sentenced, <u>Pirani</u> had been vacated and the district court considered the enhancement in fashioning his sentence. We now know the district court should have considered all appropriate enhancements when sentencing Diaz-Dominguez. Carasa-Vargas would have us believe we could remedy this situation by directing the district court not to consider the enhancement in his case, and thereby commit sentencing error. "Two wrongs don't make a right." <u>See</u> *The New Dictionary of Cultural Literacy*, 57 (3d ed. 2002).

D

Finally, Carasa-Vargas argues the district court erred by refusing to grant a downward adjustment for his minor or minimal role in the offense.

After <u>Booker</u>, we continue to review the district court's application of the Guidelines de novo and its findings of fact for clear error. <u>United States v. Mathijssen</u>, 406 F.3d 496, 498 (8th Cir. 2005). Whether a defendant qualifies for a role reduction is a question of fact. <u>United States v. Surratt</u>, 172 F.3d 559, 567 (8th Cir. 1999). The Guidelines provide for a reduction of between two and four levels to reflect a defendant's mitigating role in the offense. U.S.S.G. § 3B1.2. A defendant's role in the offense is measured by the relevant conduct for which he is held responsible. <u>United States v. McCarthy</u>, 97 F.3d 1562, 1574 (8th Cir. 1996) ("Once a defendant's relevant conduct for sentencing purposes has been determined, that same relevant conduct is used not only in determining the defendant's base offense level but also for any role in the offense adjustments."); <u>see also</u> <u>United States v. Ramos-Torres</u>, 187 F.3d 909, 915 (8th Cir. 1999) ("The propriety of a downward adjustment is determined by comparing the acts of each participant in relation to the relevant conduct for which the participant is held accountable and by measuring each participant's individual acts and relative culpability against the elements of the

offense.") (citation omitted). The defendant bears the burden of proving a reduction applies. <u>United States v. Thompson</u>, 60 F.3d 514, 517 (8th Cir. 1995).

Here, Carasa-Vargas was actively involved in and pleaded guilty to transporting illegal aliens. He was recruited to the enterprise by his co-codefendant but thereafter the duos' involvement was largely indistinguishable. In other words, both were equal partners in driving the illegal aliens from Arizona to various locations throughout the county. Accordingly, we cannot say the district court's fact finding that Carasa-Vargas did not qualify for a role-in-the-offense reduction was clearly erroneous.

III

The judgment of the district court is affirmed.

_____