# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1599

_____

United States of America

*Plaintiff - Appellee*

v.

Claude Dukes, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 23, 2013
Filed: November 5, 2013
[Unpublished]

_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Less than two weeks after he completed serving a fifteen-year sentence for armed robbery in July 2008, Claude Dukes, Jr., joined an ongoing conspiracy to distribute cocaine base (crack cocaine) in the Eastern District of Arkansas. Dukes and nine others were charged with conspiracy to possess with intent to distribute and distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1)

and 846. Dukes pleaded guilty to that charge one week before trial. In the Plea Agreement, the parties agreed that the conspiracy existed from March 2008 through October 2009, that Dukes knowingly joined the conspiracy "at the time it was first reached or at some time later while it was still in effect," and "that the amount of controlled substance is between 28 grams but less than 112 grams of cocaine base." The stipulated amount produced a base offense level of 26, see U.S.S.G. § 2D1.1(c)(7), and a mandatory minimum sentence of five years in prison, see 21 U.S.C. § 841(b)(1)(B)(iii).

The district court[1] sentenced Dukes to 63 months in prison, the bottom of his advisory guidelines range of 63 to 78 months. Dukes appeals the sentence, arguing the court committed clear procedural error in denying a four- or two-level reduction because he was a minimal or minor participant in the conspiracy offense. See U.S.S.G. § 3B1.2(a) and (b). Dukes argues he is entitled to a role-in-the-offense reduction because he did not organize or manage the conspiracy, was incarcerated when the conspiracy began, did not procure the crack, and only participated in two sales during the conspiracy's entire 19-month duration.

At the change-of-plea hearing, Dukes agreed with the prosecutor's summary of what the government could prove at trial, including Dukes's direct participation in two crack cocaine sales to confidential informants: On July 18, 2008, when an informant went to conspirator Joe Brandon's residence to complete the purchase of one ounce of crack cocaine for $700, Brandon was not present. Dukes handed the informant 28.1 grams of crack and received the purchase money in exchange. The second sale occurred in November 2008, when Brandon directed an informant to contact Dukes to buy crack. Dukes referred the informant to conspirator Frederick Taylor, who confirmed he had spoken with Dukes and then sold the informant one

---

[1]The Honorable Brian S. Miller, Chief Judge of the United States District Court for the Eastern District of Arkansas.

ounce of crack (27.5 grams) for $750. At sentencing, when Dukes complained to the court that he was being held responsible for more than his role in the conspiracy, the prosecutor advised the court that, if Dukes were accountable for the total drug quantity attributable to Brandon, the base offense level would be 32.

A four-level minimal participant reduction is proper when the defendant establishes that he was "plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2, comment. (n.4). The two-level minor participant reduction is for a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." Id., comment. (n.5). We review the district court's role-in-the-offense determination for clear error; Dukes bears the burden of proving that he was a minimal or minor participant. United States v. Pinkin, 675 F.3d 1088, 1090 (8th Cir. 2012).

"When a defendant is part of jointly undertaken criminal activity with others, the sentencing court must determine what the defendant's relevant conduct was . . . . [T]hat same relevant conduct is used not only in determining the defendant's base offense level, but also for any role in the offense adjustments . . . ." United States v. McCarthy, 97 F.3d 1562, 1574 (8th Cir. 1996), cert. denied, 519 U.S. 1139 and 520 U.S. 1133 (1997). Here, as in United States v. Speller, Dukes benefitted when the district court included as relevant conduct only the two sales in which he personally participated in determining his base offense level, "and then asks the court to consider all the other drugs involved in the conspiracy in determining [his] role in the offense," in effect, a "double reduction." 356 F.3d 904, 907 (8th Cir. 2004). The district court committed no clear error in denying Dukes a role-in-the-offense reduction.

The judgment of the district court is affirmed.

_____

-3-